**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHRISTIAN GERARDO CHAMBA
HIDALGO,

              Petitioner,

    v.

KRISTI NOEM, *et al.*,

              Respondents.

Civil Action No. 26-2888 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Christian Gerardo Chamba Hidalgo's petition for a writ of habeas corpus. (ECF No. 1.) Following an order to show cause (ECF No. 3), the Government filed a letter response. (ECF No. 6.) Petitioner did not file a reply. For the following reasons, Petitioner's habeas petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Ecuador. (ECF No. 6-1 at 2.) In or around 2005, Petitioner crossed the United States border without admission or inspection. (ECF No. 1 at 5.) Petitioner has resided in the United States since that time. (*Id.*) On February 5, 2026, Petitioner was detained by immigration officials and taken into custody. (ECF No. 6-1 at 3.) Since that time, Petitioner has been detained without bond pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*) Petitioner has no criminal history. (*Id.*)

In responding to Petitioner's habeas petition and this Court's Order to Show Cause, the Government argues that Petitioner is properly subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF No. 6.) The Government acknowledges, however, that Courts in this District have repeatedly rejected the contention that 8 U.S.C. § 1225(b)(2) provides the Government with

1

the authority to detain aliens who have resided within the United States for a several years simply because they were not admitted or paroled after inspection at the border. *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026). Petitioner clearly falls into this category as he has resided in the United States since his border crossing in 2005. As it is clear that Petitioner falls within the class of people which this Court has previously held cannot be subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2) as he has resided in the United States for several years after his entry without inspection, his continued detention under that statute is unlawful. *Valerio*, 2025 WL 3251445, at *3. Petitioner's habeas petition must therefore be granted.

The Government argues, however, that if the Court grants the petition it should provide Petitioner only with the bond hearing to which he would be entitled had he been taken into custody under 8 U.S.C. § 1226(a). *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger). Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under that statute, nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in

light of the Government's recent actions in immigration proceedings and the Government's continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at \*3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at \*2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately. An order consistent with this Memorandum Opinion will be entered.

Date: March 25, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3